IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ELI MAXENE LOUIS,**

    Petitioner,

vs.                                                   Case No. 4:07cv325-RH/WCS

**MICHAEL B. MUKASEY,
ATTORNEY GENERAL OF THE
UNITED STATES, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, filed a petition seeking a writ of habeas corpus under § 2241, doc. 1, on July 26, 2007. Petitioner asserted he was being held in indefinite detention and claimed that Respondents were unable to remove him. *Id.* Petitioner sought relief under Zadvydas v. Davis, 533 U.S. 678 (2001), to his continued detention. *Id.*

Respondents filed a response to the petition on November 9, 2007, advising that the Bahamas denied the request for a travel document for Petitioner because he was a native and citizen of Haiti. Doc. 11. Based on that discovery, Immigration and Customs Enforcement (ICE) filed a motion to reopen proceedings before the Immigration Court to

seek the return of Petitioner to Haiti instead of the Bahamas. *Id.* On November 14, 2007, I entered an order requiring clarification from the parties as to whether Petitioner was still under a final order of removal, whether the petition had become moot, and whether it was now reasonably foreseeable that Petitioner would *not* be released. Doc. 12.

Respondents filed a supplemental response on December 3, 2007, claiming the petition was moot because there was no longer a final order of removal. Doc. 14. Petitioner's case had been reopened and, as of that date, was pending before the immigration court. *Id.*

Respondents then filed another response on December 14, 2007, which revealed that a removal hearing was held in Petitioner's case before the Immigration Court on December 11, 2007. Doc. 17. A new final order of removal was entered on that day allowing the Department of Homeland Security to try and remove Petitioner to Haiti. *Id.* A notation on the bottom of the order indicated it was to be "effective January 9, 2007." Doc. 17, ex. 1. Respondents stated that Petitioner "will either be released or scheduled for removal to Haiti." Doc. 17.

Petitioner filed a reply on December 31, 2007, doc. 21, which acknowledges the Government was seeking to have him removed to Haiti because the Bahamas would not accept him. Petitioner continued to request that his petition be granted because he had been in detention for 19 months. *Id.*

While this process has been underway, Petitioner has been transferred to other detention facilities. Petitioner filed a notice of change of address in December, 2007, showing he was at the Krome facility in Miami, Florida. Doc. 19. In January, 2008,

Petitioner was moved to Moore Haven, Florida. Doc. 22. Nothing had been received from Petitioner since the January 16, 2008, change of address to indicate whether Petitioner has been removed or released from detention. Thus, based on the facts which had come to light, an order was entered directing Respondents to show good cause why the petition should not be granted. Doc. 23.

In response to the order to show cause, Respondents filed a motion to dismiss on April 14, 2008, which advised that Petitioner was "removed from the United States to Haiti on February 11, 2008." Doc. 24, p. 1. Because Petitioner has been released, Respondents contend this case is moot and should be dismissed as there is nothing left for this Court to remedy. *Id.*, at 1-2. Respondents do not provide an address for Petitioner in Haiti. *Id.*, at 3.

Based on the assertions in the motion to dismiss, doc. 24, it would appear that the motion should be granted. Having been released from detention by his removal, Petitioner has received the relief he sought in the petition.

**RECOMMENDATION**

In light of the assertion by Respondents, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 24, be **GRANTED**, and the § 2241 petition filed by Petitioner Eli Maxene Louis be **DISMISSED as moot** since it appears he has been released from detention.

**IN CHAMBERS** at Tallahassee, Florida, on April 16, 2008.

        s/ William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:07cv325-RH/WCS